THE STATE v. SCHULTZ *et al.*

**Liquor Nuisance:** EVIDENCE: PAYMENT OF UNITED STATES TAX. Laws of 1886, chapter 113, section 1 (McClain's Ann. Code, sec. 2400) provides that the fact of having paid the United States special tax for the sale of intoxicating liquors is evidence that the persons so paying were engaged in keeping and selling such liquors. And in this case, where defendants were charged with keeping a liquor nuisance, and it was shown that they sold a liquor called "B. B.," and the evidence was conflicting as to whether it was intoxicating,

but defendants admitted the payment of the United States tax to protect them in the sale of that liquor, *held* that the evidence was sufficient to warrant a decree against them, enjoining and abating the nuisance, and adjudging them to pay the costs, including an attorney's fee.

*Appeal from Cass District Court.*—HON. C. F. LOOFBOUROW, Judge.

FILED, FEBRUARY 8, 1890.

ON September 27, 1886, the petition was filed, charging that defendants were engaged in the business of keeping intoxicating liquors with intent to sell the same within the state, in violation of law, upon the premises described, thereby causing and continuing a nuisance; and asking a temporary writ of injunction, and, on final hearing, that defendants be perpetually enjoined from carrying on said nuisance, that the same be abated, and for judgment for costs, including attorney's fees. A temporary writ was granted, and afterwards, on December 3, 1886, the defendants answered denying that they were on the first of September, 1886, or at any time during the year 1886, engaged in the sale of intoxicating liquors, or were maintaining a nuisance on the premises described; and averring that they had, long prior to the commencement of this action, in good faith quit the business of selling intoxicating liquors, or keeping the same for sale, in violation of the law. At the May term, 1888, the cause was submitted, and on May eighteenth a decree entered making the temporary injunction perpetual, with judgment for costs, including seventy-five dollars attorney's fees, against the defendants, from which the defendants appeal.

*L. L. De Lano* and *Walker & Crosthwait*, for appellants.

*John Y. Stone*, Attorney General, and *John W. Scott*, for appellee.

GIVEN, J.—The only question discussed is as to the sufficiency of the evidence to warrant a decree against the defendants. It appears from the testimony that the defendants owned the premises described up to the time this case was tried; that they used the property as a public hotel or boarding-house, and also as a saloon, one of the rooms being fitted up with a bar or counter, shelving, etc., as beer saloons are usually furnished. It is not questioned but that they carried on the business of keeping for sale and selling beer in that saloon up to November, 1885. Appellants contend that they then gave up the business of selling beer or other intoxicating liquors, and that since that date they have only kept and sold non-intoxicating drinks. It appears that the defendants paid the special tax, under the United States revenue laws, upon the business of selling distilled, malt and fermented liquors, for the years ending May 1, 1886, and May 1, 1887. Among the beverages which defendants have continued to keep and sell in the saloon were cider, and an article called "B. B." Witnesses testify that the cider was called "hard" and "soft,"—"new" and "old,"—but it does not appear with certainty that it was in condition to intoxicate. It does not appear what the article "B. B." was. One Snouffer testifies: "I also got B. B., soft cider, they called it. The B. B., or soft cider, that I got at Schultz's saloon was, I suppose, beer. It tasted something like it, and, according to my best judgment, I believe it was." The defendant Schultz, when asked if it was intoxicating, answered: "I don't think it was."

Laws of 1886, chapter 113, section 1 (McClain's Ann. Code, sec. 2400), makes the fact of having paid the United States special tax evidence that the defendants were engaged in keeping and selling intoxicating liquors contrary to the laws of this state. Defendants respond to this evidence by claiming that they paid the special tax to protect themselves in the sale of B. B. The explanation is not satisfactory.

The State v. Schultz.

Defendant Schultz testifies that they paid government tax in 1885, and again in 1886, and that they did so for the purpose of protecting themselves in the sale of this B. B.; that they had only two boxes of it (twenty-four bottles), and did not sell hardly any; that the balance spoiled, and was thrown out, and the bottles returned. Snouffer, who speaks of B. B. as being called "soft cider," testifies to getting this drink while the pool-table was there, which must have been prior to November, 1885, when the table was removed. If this be true, the defendants must have known the qualities of B. B. before they paid the special tax, in 1886; or, if this was not before the pool-table was removed, then it was since the time the defendants claim to have quit keeping intoxicating liquors, and yet Snouffer testifies to getting whiskey at the same time he got B. B. If B. B. was not an intoxicating drink the defendants were under no obligation to pay the United States special tax. They needed no protection for the sale of non-intoxicating beverages. We think the fact that the defendants paid this special tax simply to protect themselves in the sale of B. B. shows that they regarded the article as intoxicating. Their explanation of why the special tax was paid for 1886 rather adds to than takes from the weight of that fact as evidence that they were keeping intoxicating liquors for unlawful sale. Adding to this the testimony of Snouffer and others as to the keeping of hard and soft—old and new—cider, we think the district court was fully warranted in rendering the decree that it did. The beer served by defendant Schultz with other refreshments to his friends, on the occasion of his birthday party, we think is explained, and affords no evidence to sustain this case. The decree of the district court is          AFFIRMED.